IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALKESH PATEL, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff | : |  |
| Counter-Defendant | : |  |
|  | : |  |
| v. | : | No. 14-2949 |
|  | : |  |
| PRATIK PATEL, | : |  |
|  | : |  |
| Defendant | : |  |
| Counter-Plaintiff | : |  |

## **MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                                 **JULY 17, 2015**

      Presently before this Court is Defendant and Counter-Plaintiff, Pratik Patel's ("Defendant") Motion to Dismiss Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, which Plaintiff and Counter-Defendant, Alkesh Patel ("Plaintiff") has failed to file any response thereto. For the reasons set forth below, Defendant's Motion is granted.

**I.**     **FACTS**

      Plaintiff filed a Complaint for Assault and Battery against Defendant regarding a physical altercation that took place at the Asian American Hotel Owners Association's Annual Convention and Trade Show held at the Philadelphia Convention Center on March 22, 2014.[1] (See Compl.; Def.'s Am. Answer and Counterclaims.) Defendant filed an Amended Answer to Plaintiff's Complaint with New Matter and Counterclaims alleging Assault and Battery,

---

[1] On May 23, 2014, the case was removed from the Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. § 1332 based upon diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff is a citizen of Vancouver, Washington, and Defendant is a citizen of San Antonio, Texas. (Not. of Removal at 2.) Plaintiff alleges that the amount in controversy exceeds $75,000. (Id.)

Intentional Infliction of Emotional Distress, Defamation, Trade Libel and Commercial Disparagement, False Light, and Conspiracy.[2]  (See Def.'s Am. Answer and Counterclaims.)

## II.     PROCEDURAL HISTORY

On August 28, 2014, the Court held a Rule 16 conference by telephone setting forth a scheduling order.  (Doc. No. 8.)  The Scheduling Order mandated, inter alia, that the parties exchange their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) starting August 28, 2014, and that fact discovery was to be completed on or before December 26, 2014.  (Id.)  On March 10, 2015, upon a motion for an extension of time to complete discovery by Defendant, the Court extended the scheduling Order by granting an additional 120 days to each discovery deadline.  (Doc. No. 14.)  The extension granted, among other things, that the initial disclosures were to be exchanged by December 28, 2014, and that fact discovery was ordered to be completed by April 26, 2015.  (Id.)

On March 31, 2015, Defendant filed a Motion to Compel Discovery Responses by Plaintiff Pursuant to Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure.[3]  (See Def.'s Mot. to Compel.)  Defendant argued that Plaintiff neither responded to nor objected to his interrogatories and request for production of documents.  (Id.)  Plaintiff never responded to Defendant's Motion to Compel.  On April 22, 2015, the Court issued an Order granting Defendant's unopposed Motion, and ordered as follows:

> Plaintiff Alkesh Patel shall provide complete answers to the outstanding Interrogatories and provide complete responses to the outstanding Request for Production of Documents on or before <u>May 6, 2015</u>.  **Failure by Plaintiff Alkesh Patel to fully comply with this**

---

[2] As of today's date, Plaintiff has not filed a response to Defendant's Counterclaims.
[3] Defendant originally wrote to the Court by letter dated March 27, 2015, requesting a telephone conference with all counsel to resolve Plaintiff's failure to respond to discovery.  (Def.'s Mot. to Compel Disc. Resp. at 2.)  On March 31, 2015, at the Court's direction, Defendant's attorney, Lloyd G. Parry, Esq., attempted to arrange a telephone conference with all counsel, but was unable to reach Plaintiff's counsel.  (Id.)  As a result, the telephone conference was cancelled, and Defendant's counsel filed the Motion to Compel.  (Id.)

**Order may result in the imposition of sanctions, including monetary sanctions or the dismissal of the action.**

(Doc. No. 17.) (emphasis added.)

On May 26, 2015, Defendant filed the instant Motion to Dismiss Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. (See Def.'s Mot. to Dismiss Pursuant to Rule 37(b).) In this Motion, he argues that Plaintiff's responses to his interrogatories are unsigned in violation of Federal Rule of Civil Procedure 33(b)(5). (Id. at 2.) He also asserts that many of Plaintiff's answers are nonresponsive or evasive; thereby, frustrating the discovery process and prejudicing his ability to prepare a defense. (Id. at 2-4.) In addition, he states that Plaintiff has not responded to his request for production of documents in any way. (Id. at 3.) In light of Plaintiff's continued noncompliance with discovery and the Court's discovery Orders, including the April 22, 2015 Order, Defendant now moves for an entry of sanctions in the form of dismissal of the Complaint with prejudice. (Id.) Plaintiff has failed to file any response to the instant Motion.[4]

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), courts may dismiss actions as sanctions against a party who fails to obey a court order. Fed. R. Civ. P. 37(b)(2)(A)(v). Federal Rule of Civil Procedure 37 provides, in pertinent part, as follows:

(b) Failure to Comply with a Court Order.
. . .

---

[4] Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania states that "any party opposing the motion shall serve a brief in opposition . . . . In the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions]." See also Celestial Cmty. Dev. Corp., Inc. v. City of Phila., 901 F. Supp. 2d 566, 578 (E.D. Pa. 2012) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having the motions to dismiss granted as uncontested.") Defendant's Motion to Dismiss is uncontested; however, we will proceed to consider it based on its merits.

>   (2) Sanctions in the District Where the Action Is Pending.
>
>>   (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order made under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>>
>>>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>>>
>>>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>>>
>>>   (iii) striking pleadings in whole or in part;
>>>
>>>   (iv) staying further proceedings until the order is obeyed;
>>>
>>>   (v) dismissing the action or proceeding in whole or in part;
>>>
>>>   (vi) rendering a default judgment against the disobedient party; or
>>>
>>>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). "Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013) (citations omitted).

In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 866 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit ("Third Circuit") stated that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Poulis, 747 F.2d at 866 (quotation omitted); see also NHL v. Metro. Hockey Club, 427 U.S. 639, 640 (1976) (stating that Rule 37 "should not be

construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner"); United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 161 (3d Cir. 2003) (stating that "the sanction of dismissal is disfavored absent the most egregious circumstances").

In determining whether the harsh sanction of dismissal is justified, the Court must weigh the following six factors enumerated in Poulis:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim or defense.

Knoll, 707 F.3d at 409 n.2 (citing Poulis, 747 F.2d at 868). Although the Court must address each factor, "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)). However, the resolution of any doubts is in favor of adjudication on the merits. United States v. $8,221,877.16 in United States Currency, 330 F.3d at 162.

## IV.     DISCUSSION

### A.     *Poulis Factors*

### 1.     *Plaintiff's Personal Responsibility*

In the present action, the relationship between Plaintiff and his counsel is unclear to the Court. Based upon our current knowledge of the case, it is unknown whether Plaintiff is aware and acquiesces in his attorney's actions. As a result, we cannot conclude that Plaintiff is personally responsible for his failure to respond to the outstanding discovery and move this case forward.

### 2. *Prejudice to the Adversary*

Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice does not mean irremediable harm. Ware, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id.

Plaintiff's failure to comply with this Court's discovery Orders, including the Order compelling discovery, has prejudiced Defendant regarding his trial strategy and preparations. The fact that Defendant has not been able to effectively prepare his defense of this matter due to inadequate responses to his interrogatories or without any responses to his request for production of documents clearly prejudices Defendant in this case. On numerous occasions, Defendant's counsel attempted to contact Plaintiff's counsel in hopes of amicably resolving discovery issues. Defense counsel's numerous attempts at receiving adequate discovery responses in this action, including, letters, phone calls, emails, motions, etc., has caused monetary prejudice to Defendant. There is no doubt that the lack of cooperation from Plaintiff concerning discovery for more than a year constitutes prejudice as Defendant cannot properly defend an action that Plaintiff does not adequately prosecute. Thus, this factor weighs in favor of dismissal.

### 3. *Plaintiff's History of Dilatoriness*

Plaintiff has a history of being dilatory throughout this litigation. A "party's problematic acts must be evaluated in light of its behavior over the life of the case." Adams, 29 F.3d at 875. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as

consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Id.

In this case, Plaintiff has completely failed to respond to Defendant's request for production of documents that was sent to Plaintiff's counsel on August 29, 2014.  (Def.'s Mot. to Compel at 1.)  Also, Plaintiff has completely ignored this Court's April 22, 2015 Order directing him to provide complete responses by May 6, 2015.  (Doc. No. 17.)  Regarding the interrogatories, Plaintiff only filed his responses after Defendant's counsel sent him a letter dated May 11, 2015, by fax and email, notifying him that a motion for sanctions would be filed on May 18, 2015, if no response was forthcoming.  (Def.'s Mot. to Compel at 1.)  Although Plaintiff's counsel forwarded Plaintiff's purported answers to interrogatories, they were unsigned by Plaintiff and many were insufficient and evasive.  (Id. at 1-4.)  Thus, they did not comply with the Court's Order requiring complete answers.  (Doc. No. 17.)  Moreover, neither Plaintiff nor his attorney have offered any explanation or excuse for their failure to adequately respond to discovery or comply with this Court's discovery Orders.  As a result, a history of dilatoriness has been clearly exhibited by Plaintiff and his attorney.  Accordingly, this factor weighs in favor of dismissal.

      *4.*      *Whether the Conduct of the Party or His Attorney Was Willful or in Bad Faith*

This factor requires the District Court to consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875.  Generally, "[w]illfulness involves intentional or self-serving behavior." Id.  Here, it is clear that the lack of communication from either Plaintiff or his counsel to defense counsel has been extensive and has led to a significant delay in the progression of the case.  Also, it has prevented Defendant from adequately preparing his defense.  This lack of communication may

be due, in part, to a lack of communication between Plaintiff and his own attorney; however, the Court has not been alerted to any such issue and will not speculate. While Plaintiff has not filed any motions in this case, there have been several motions filed against Plaintiff and his attorney. Notably, Plaintiff and his attorney have not responded to any motion filed against them, including the instant dismissal motion. The lack of communication from Plaintiff and his counsel preventing the efficient progression of this case nearly amounts to a failure to prosecute, and certainly qualifies as bad faith. Consequently, this factor weighs in favor of dismissal.

### 5. *Effectiveness of Sanctions Other Than Dismissal*

Monetary sanctions, including attorney's fees and costs, are a viable sanction in this case. However, based upon the history of the actions, and inactions, by Plaintiff and his attorney, we find that such sanctions alone are insufficient to inform Plaintiff, and his counsel, that their conduct will not be tolerated. The disregard by Plaintiff and his attorney for this Court's discovery Orders, including the April 22, 2015 Order, their continual discovery failures, as well as their repeated failure to respond to motions warrant dismissal of the action. Therefore, this factor weighs in favor of dismissal.

### 6. *Meritoriousness of the Claim*

The standard for meritoriousness is whether the allegations of the pleadings, when considered at trial, "would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 870 (citations omitted). Plaintiff's Complaint is the only information that we have supporting his lawsuit; however, on its face, its allegations have been held to be claims upon which relief can be granted. Failing to provide any more pertinent information, even in response to Defendant's arguments for dismissal pertaining to the Poulis factors, leaves the Court with little to go on regarding the meritoriousness of Plaintiff's claims. Assuming that the

evidence supports the claims, which we cannot conclude in light of the insufficient discovery, the claims are meritorious.

      **B.**     *Balance of Weighing the Poulis Factors*

Upon weighing all of the Poulis factors, we find that the balance of factors clearly weighs in favor of dismissal of the case. The repeated violations of the Federal Rules of Civil Procedure, disregard of this Court's discovery Orders; specifically, the April 22, 2015 Order, and the discovery abuses, have been persistent and flagrant. The violations have resulted in significant delay and a waste of judicial resources without justification. Thus, the facts of this case comply with the requirements of Poulis regarding dismissal for failure to comply with rules and orders of court. Accordingly, Defendant's Motion to Dismiss is granted.

An appropriate Order follows.