IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALKESH PATEL, | : | CIVIL ACTION |
| Plaintiff | : | |
| Counter-Defendant | : | |
| v. | : | No. 14-2949 |
| PRATIK PATEL, | : | |
| Defendant | : | |
| Counter-Plaintiff | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                            November 4, 2015

      Presently before this Court is Defendant and Counter-Plaintiff, Pratik Patel's ("Counter-Plaintiff" or "Pratik" or "Pratik Patel") Motion for Summary Judgment, Plaintiff and Counter-Defendant, Alkesh Patel ("Counter-Defendant" or "Alkesh" "Alkesh Patel") has failed to file any response thereto. For the reasons set forth below, Counter-Plaintiff's Motion is granted in part and denied in part.

**I.    BACKGROUND**

      Counter-Defendant filed a Complaint for Assault and Battery against Counter-Plaintiff regarding a physical altercation that took place at the Asian American Hotel Owners Association's Annual Convention and Trade Show held at the Philadelphia Convention Center on March 22, 2014.[1] (See Compl.; Def.'s Am. Answer and Counterclaims.) Counter-Plaintiff

---

[1] On May 23, 2014, the case was removed from the Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. § 1332 based upon diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff is a citizen of Vancouver, Washington, and Defendant is a citizen of San Antonio, Texas. (Not. of Removal at 2.) Plaintiff alleges that the amount in controversy exceeds $75,000. (Id.) On May 26, 2015, Defendant filed a Motion to Dismiss pursuant to

filed an Amended Answer to Counter-Defendant's Complaint with New Matter and Counterclaims alleging Assault and Battery, Intentional Infliction of Emotional Distress, Defamation, Trade Libel and Commercial Disparagement, False Light, and Conspiracy.[2]  (See Def.'s Am. Answer and Counterclaims.)

Counter-Plaintiff moves for summary judgment regarding his Counter-Claims based upon the fact that each request in his Request for Admissions have been deemed admitted under Federal Rule of Civil Procedure 36(a)(3).  (See Mot. for Summ. J.)  On June 17, 2015, we granted "Counter-Plaintiff Pratik's Motion to Deem Admitted all Averments Made in Counter-Plaintiff's Request for Admission Propounded on Alkesh Patel March 16, 2015," which was unopposed, setting forth that:

> each request in Counter-Plaintiff Pratik Patel's Request for Admissions is hereby deemed admitted under Federal Rule of Civil Procedure 36(a)(3).  See Fed. R. Civ. P. 36(a)(3) (providing that '[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.'); see also Miles v. Elliot, No. 94-4669, 2011 WL 857310, at *1 (E.D. Pa. Mar. 10, 2011) ('If the party to whom a request for admissions is directed fails to respond within thirty days of service of the request, the matter is deemed admitted.')

(Doc. No. 20.)  In light of this Order, Counter-Plaintiff argues that all facts in the Request for Admission are deemed admitted, and he is entitled to judgment as a matter of law.  (See Mot. for Summ. J.)  Counter-Defendant has not filed a response to the Motion.  For the following reasons, the Motion for Summary Judgment is granted in part and denied in part.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

---

Federal Rule of Civil Procedure 37(b).  (Doc. No. 18.)  On July 7, 2015, we granted the Motion dismissing Plaintiff's Complaint with prejudice.  (Doc. Nos. 21-22.)

[2] As of today's date, Plaintiff has not filed a response to Defendant's Counterclaims.

of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

**III.     DISCUSSION**

A court may consider Rule 36 admissions when deciding whether parties agree to a fact for purposes of summary judgment. See Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . admissions[.]"); Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact;  (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or (4) issue any other appropriate order.").

In the Third Circuit, the United States Court of Appeals has "long recognized that deemed admissions are sufficient to support orders of summary judgment."[3] Kelvin Cryosystems, Inc. v. Lightnin, 252 F. App'x 469, 472 (3d Cir. 2007).  "Rule 36 admissions are conclusive for purposes of the litigation" and they are accordingly "sufficient to support summary judgment."  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992).  Here, we have accepted all averments in Counter-Defendant's Requests for Admissions to be true. Consequently, we permit entry of summary judgment in favor of Counter-Plaintiff on the claims where the facts admitted are dispositive.

---

[3] The only way that a party may undo the conclusive effect of a Rule 36 admission is to move the Court to withdraw or amend it.  See Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").  As of the filing of this Memorandum Opinion, Counter-Defendant has neither responded to the Motion for Summary Judgment nor moved to withdraw or amend any of the Rule 36 admissions.

## A. Assault and Battery

Under Pennsylvania law, an individual commits the tort of battery when he or she intentionally causes a "harmful or offensive" contact with another person's body.[4] C.C.H. v. Phila. Phillies, Inc., 940 A.2d 336, 340 n.4 (Pa. 2008). The tort of assault is committed when an individual acts with the intent "to put another person in reasonable apprehension of an immediate battery, and which succeeds in causing an apprehension of such battery." Cucinotti v. Ortmann, 159 A.2d 216, 217 (Pa. 1960). Words alone, no matter how threatening, do not constitute an assault; "the actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so" for there to be a reasonable apprehension of fear. Id.

Relying upon certain admissions, Counter-Plaintiff sufficiently supports a finding that Counter-Defendant committed the torts of assault and battery by strangling Counter-Plaintiff's neck. In Counter-Plaintiff's Request for Admissions, Counter-Defendant was asked to admit that he walked over to Counter-Plaintiff to have a discussion, which entailed him threatening to slap Counter-Plaintiff, and then he attacked Counter-Plaintiff by putting both of his hands around Counter-Plaintiff's neck. (Ad. 10-14.) Additionally, Counter-Plaintiff asked Counter-Defendant to admit that Counter-Plaintiff did not attack, touch or physically harm him before he chocked Counter-Plaintiff. (Ad. 15.)

Threatening words alone are insufficient; however, the facts support a finding of assault because the threat to slap Counter-Plaintiff was coupled with evidence of a prior disagreement, Counter-Defendant being intoxicated, and Counter-Defendant being in close proximity to Counter-Plaintiff giving him the ability to carry out the threatened battery. (Ad. 8-12) A claim for battery is also supported by the facts because Counter-Defendant eventually struck Counter-

---

[4] Pennsylvania law applies because federal courts sitting in diversity cases must apply the substantive law of the states where they sit. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

Plaintiff in the face several times with his hands and choked him.  (Ad. 13-14)  Such confrontation would be harmful and offensive to a reasonable person.  Therefore, Counter-Plaintiff is entitled to summary judgment regarding his Assault and Battery Counter-Claim.

### B.  Intentional Infliction of Emotional Distress

The Pennsylvania Supreme Court has yet to formally recognize a cause of action for intentional infliction of emotional distress.  Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000).  The Pennsylvania appellate courts, however, have recognized the tort.  Field v. Phila. Elec. Co., 565 A.2d 1170, 1183–84 (Pa. Super. Ct. 1989).  The United States Court of Appeals for the Third Circuit ("Third Circuit'), predicting that the Pennsylvania Supreme Court will ultimately recognize the tort, has also allowed recovery for intentional infliction of emotional distress.  Williams v. Guzzardi, 875 F.2d 46 (3d Cir. 1989).  Therefore, this Court is bound to conclude that Pennsylvania permits recovery for intentional infliction of emotional distress.

In Pennsylvania, the Restatement (Second) of Torts sets forth the minimum elements necessary to sustain a cause of action for intentional infliction of emotional distress.  Taylor, 754 A.2d at 652.  In order to recover, a plaintiff must plead and prove that (1) by extreme and outrageous conduct (2) defendant intentionally or recklessly (3) caused (4) severe emotional distress.  Id. (citing Restatement (Second) of Torts § 46 (1965)).  "It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous [as] to permit recovery."  Bock v. CVS Pharmacy, Inc., No. 07 412, 2008 WL 3834266, at *2 (E.D. Pa. Aug. 14, 2008) (quoting Johnson v. Caparelli, 625 A.2d 668, 671 (Pa. Super. Ct. 1993), appeal denied, 647 A.2d 511 (Pa. 1994)).  Pennsylvania courts further require

that the existence of emotional distress be supported by competent medical evidence.  <u>Kazatsky v. King David Mem'l Park, Inc.</u>, 527 A.2d 988, 995 (Pa. 1987).

Counter-Plaintiff asked Counter-Defendant to admit that he intended to cause Counter-Plaintiff to be emotionally distressed by his physical assault and defamation of Counter-Plaintiff. (Ad. 27.)  This Request for Admission has been deemed admitted, and established that Counter-Defendant intentionally caused Counter-Plaintiff to be emotionally distressed.

Even though Counter-Plaintiff's actions were intentional, there are serious doubts whether these actions rise to the high level of extreme and outrageous conduct that Pennsylvania courts have recognized in the past.  See <u>Hoy v. Angelone</u>, 720 A.2d 745, 755 (Pa. 1998) (citing <u>Papieves v. Lawrence</u>, 263 A.2d 118, 119 (Pa. 1970) (holding defendant's conduct of killing the plaintiff's son in a hit and run accident and burying the boy in a field did rise to the level of extreme and outrageous); <u>Banyas v. Lower Bucks Hosp.</u>, 437 A.2d 1236, 1237-1238 (Pa. Super. Ct. 1981) (holding defendants conduct of falsifying medical records in order to implicate plaintiff in the death of a patient, leading to plaintiff's indictment for homicide rose to the level of extreme and outrageous);  <u>Chuy v. Phila. Eagles Football Club</u>, 595 F.2d 1265, 1269-70 (3d Cir. 1979) (holding defendant's team physician's conduct of falsely informing the media that the plaintiff suffered from a fatal disease was extreme and outrageous).

Ultimately, this Court does not need to decide whether Counter-Defendant's conduct was extreme and outrageous at this time because, even assuming the conduct met this standard, the Counter-Claim will still fail.  Counter-Plaintiff's emotional distress needs to be supported by competent medical evidence, which has not been proven or even provided in this matter. Competent expert medical evidence confirming the existence, cause, and severity of the distress is required in order for Counter-Plaintiff to recover on this Counter-Claim.  See <u>Williams</u>, 875

F.2d at 5152. As such, summary judgment is inappropriate for the Counter-Claim of Intentional Infliction of Emotional Distress.

### C. Defamation (Slander and Slander *Per Se*/ Libel and Libel *Per Se*)

Defamation, of which libel and slander are methods, is the tort of detracting from a person's reputation, or injuring a person's character by false and malicious statements. Zartman v. Lehigh Cnty. Humane Soc'y, 482 A.2d 266, 268 (Pa. Super. Ct. 1984). "Under Pennsylvania law, in an action for defamation, the plaintiff has the burden of proving seven elements: (1) The defamatory character of the communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the understanding by the recipient of its defamatory meaning, (5) the understanding by the recipient of it as intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff from its publication, and (7) abuse of a conditionally privileged occasion." Banka v. Columbia Broad. Co., 63 F. Supp. 3d 501, 506 -07 (E.D. Pa. 2014) (citing 42 Pa. Cons. Stat. § 8343(a)); see also Tucker v. Fischbein, 237 F.3d 275 (3d Cir. 2001).

It is the court who decides whether the statements are in fact capable of a defamatory meaning. Corabi v. Curtis Publ. Co., 273 A.2d 899 (1971). "In Pennsylvania, a defamatory statement is one that 'tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" Resnick v. Manfredy, 52 F. Supp. 2d 462, 470 (E.D. Pa. 1999) (quoting U.S. Healthcare, Inc. v. Blue Cross of Greater Phila., 898 F.2d 914, 922 (3d Cir. 1990)).

Once the courts determine that the statements are capable of having a defamatory meaning, the plaintiff must then prove, amongst other requirements, that he or she suffered a special harm. 42 Pa. Cons. Stat. Ann. § 8343(a)(6). The term "special harm" is defined as "actual damages which are economic or pecuniary losses." Sprague v. Am. Bar Ass'n, 276 F.

Supp. 2d 365, 368–69 (E.D. Pa. 2003) (quoting Restatement (Second) of Torts, § 575, cmt. b (1977)).

However, the Pennsylvania courts have adopted an exception to the requirement for special damages when the statement made constitutes defamation *per se*. Synygy, Inc. v. Scott-Levin, Inc., 51 F. Supp. 2d 570, 581 (E.D. Pa. 1999); Brinich v. Jencka, 757 A.2d 388, 397 (Pa. Super. Ct. 2000); see also Pennoyer v. Marriott Hotel Servs., Inc., 324 F. Supp. 2d 614, 619 (E.D. Pa. 2004) ("The Restatement (Second) of Torts requires a victim of slander *per se* to make some showing of general damages."). There are four categories of words that constitute defamation *per se*: words that impute (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct. Clemente v. Espinosa, 749 F. Supp. 672, 677 (E.D. Pa. 1990) (citing Restatement (Second) of Torts § 570 (1977)).

Counter-Plaintiff only addresses facts regarding defamation *per* se relating to business misconduct, so we will limit our analysis to that category. A statement is considered defamation *per se* relating to business misconduct when the "speaker imputes to another conduct, characteristics, or a condition that would adversely affect [him in his] lawful business or trade." Walker v. Grand Cent. Sanitation, Inc., 634 A.2d 237, 241 (Pa. Super. Ct. 1993). The statement must be "peculiarly harmful to one engaged in [that] business or profession. Disparagement of a general character, equally discreditable to all persons, is not enough." Clemente, 749 F. Supp. at 678 (quoting Restatement (Second) of Torts, Comment e (1977)). Defamation *per se* would also be allowed if "the particular quality disparaged . . . is peculiarly valuable in the plaintiff's business or profession." Id.

At common law, damages were presumed if the action was based on defamation *per se*. Restatement (Second) of Torts § 621. Pennsylvania courts have come to varying conclusions

9

regarding the issues of damages.  The Pennsylvania Superior Court case of Walker appeared to eliminate the idea of presumed damages when it concluded that Section 621 of the Restatement (Second) of Torts accurately states the law of Pennsylvania regarding the requirement of general damages *i.e.* proof that one's reputation was actually affected by defamation or that one suffered personal humiliation.  Walker, 634 A.2d at 244 (citing Restatement (Second) of Torts § 621).  This requirement of proof  allows the court to have some type of control of the amount of damages awarded by a jury since it allows the juror a basis for accessing harm.  Synygy, 51 F. Supp. 2d at 581.

However, more recent cases have permitted presumed damages in cases where actual malice was present.   The Third Circuit stated that "[a]lthough Walker appears generally to foreclose presumed damages under Pennsylvania law, it is not entirely clear whether presumed damages remain available where the plaintiff proves actual malice."  Franklin Prescriptions, Inc. v. New York Times Co., 424 F.3d 336, 342 (3d Cir. 2005).  Notably, a very recent Pennsylvania Superior Court concluded that "presumed damages do indeed remain available upon a showing of actual malice."  Joseph v. Scranton Times, L.P., 89 A.3d 251, 272 (Pa. Super. Ct. 2014).  Actual malice is when a statement is made "with knowledge that [the statement] was false or with reckless disregard of whether it was false or not."  Id. at 261 (quoting Lewis v. Phila. Newspapers, Inc., 833 A.2d 185, 191 (Pa. Super. Ct. 2003)).  Therefore, this Court is bound to conclude that Pennsylvania permits presumed damages in defamation *per se* claims when actual malice is pleaded and proven.

Here, by having the Requests for Admissions deemed admitted, Counter-Defendant has admitted that he stated to AAHOA members and third parties that Counter-Plaintiff was the initial aggressor of the incident.  (Ad. 18, 20)  Additionally, Counter-Defendant admitted he

made slanderous statements regarding Counter-Plaintiff to AAHOA members. (Ad. 19)

Counter-Defendant also admitted he knowingly made the following false statement:

> Pratik Patel as a convention chair did not get proper approval of funds from board. Entertainment contract was awarded to Arya International without following proper RFP process. $50,000 extra was given to the entertainment group beforehand and payments were done based on extra amount without doing due diligence on signing the contract and having legal review it in detail.

(Ad. 21-22).

Furthermore, Counter-Defendant admitted he authored a document with the following statements that he also knew to be false:

> Pratik is a puppet for Mowji and Tauren Patel; Pratik stole volleyball tourney funds, and spent and his . . . unaccounted convention funds hoodwinked aahoa Board . . .; At last convention as to the sham the officers ran, especially . . . Pratik assaulted and punched Alkesh 5-6 times with . . . of gala nite [sic] to repay Alkesh for instigating a [sic] audit and . . . of Pratiks [sic] abuse and theft; This is a violation of ethics, especially by the new AAHOA . . . damaged 25 years of hard work done to bring this association . . . respect; Pratik is a thug, he has a criminal record arrested twice . . . weapons and drugs, heave funds paid by his family to.

(Ad. 23-24). Counter-Defendant also admitted that the statements he made were slanderous, libelous, and premeditated to defame Counter-Plaintiff's personal and business reputation as Chairman of AAHOA. (Ad. 25-26).

Since Counter-Plaintiff has not alleged any special harm relating to the alleged defamation, he cannot rely on a traditional defamation argument since proof of special harm is required. 42 Pa. Cons. Stat. Ann. § 8343(a)(6). Thus, we turn to Counter-Plaintiff's defamation *per se* argument. As a threshold matter, I do believe the statements made by Counter-Defendant could be considered defamation *per se*. The statements would adversely affect Counter-Plaintiff in his position as Chairmen of AAHOA. In addition, they are "peculiarly harmful" to him in that position and not equally discreditable to all persons. Clemente, 749 F. Supp. at 678. The most disparaging statements were those stating that Counter-Plaintiff "stole volleyball funds," and

11

how he "is a thug . . . arrested twice . . . weapons and drugs." (Doc. No. 23-2, p. 18.) Through the Request for Admissions, these statements all been deemed to have been said by Counter-Defendant. (Doc. Nos. 19, 20.) As chairman of an organization, the qualities of honesty, loyalty, and integrity are especially important. The statements made by Counter-Plaintiff attack these attributes by essentially calling him a thief, criminal, and someone who cannot be trusted. Therefore, defamation *per se* is met in this case.

Even concluding that Counter-Defendant's statements constitute defamation *per se*, the issue of damages remains. General damages have not been proven or even pleaded in this case. Counter-Plaintiff simply states that he "relies on his good name and reputation . . . [Counter-Defendant] has ascribed to Pratik misconduct and characteristics that would render Pratik unfit for the proper conduct of the business as Chairman of AAHOA or his investor will no longer invest in his company." (Doc. No. 23-2, p. 19.) These are simply general statements that are not supported by any facts or evidence. Counter-Plaintiff has not presented any testimony or evidence from AAHOA's representatives that their opinions regarding Counter-Plaintiff's ability to perform his job were affected by Counter-Defendant's statements. Moreover, no evidence has been provided showing that Counter-Plaintiff's name or reputation was actually damaged by the statements.

However, as discussed above, Pennsylvania courts have allowed presumed damages in cases of defamation *per se* where actual malice is present. Scranton Times, 89 A.3d at 272. Here, Counter-Plaintiff has established actual malice by relying on certain admissions. In Counter-Plaintiff's Request for Admissions, Counter-Defendant was asked to admit that he knew the statements he made were false. (Ad. 22, 24). Counter-Defendant was also asked to admit that he made these statements in an attempt to destroy the Counter-Plaintiff's personal and

business reputation. (Ad. 25). Given these admissions, as well as the other evidence submitted by Counter-Plaintiff, actual malice has been proven since Counter-Defendant made these statements with knowledge of their falsity. Thus, since general damages need not be proven as presumed damages are allowed under current Pennsylvania law when actual malice is proven, Counter-Plaintiff is entitled to summary judgment regarding his Defamation Counter-Claim.

### D. Conspiracy

Under Pennsylvania law, to establish a prima facie case of civil conspiracy, a plaintiff must plead and prove: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act in furtherance of the conspiracy; and (3) actual legal damages. Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004); Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979) (stating that the unlawful intent must be without justification).

Here, Counter-Plaintiff's Counter-Claim must be denied because he has not pleaded, or shown, that two or more people acted with a common purpose. See Caplan v. Fellheimer Eichen Braverman & Kaskey, 884 F. Supp. 181, 184 (E.D. Pa. 1995) (dismissing Pennsylvania civil conspiracy claim because, *inter alia*, only one alleged conspirator remained in the action). He only alleges one conspirator, Counter-Defendant, which does not meet the legal definition of a conspiracy. Id. Therefore, summary judgment regarding the Conspiracy Counter-Claim is denied.

### E. False Light

In Count V, Counter-Plaintiff makes a Counter-Claim for False Light. "In Pennsylvania there can be four separate torts when there has been an invasion of privacy, one of which, [is] publicity placing a person in a false light." Graboff v. Colleran Firm, 744 F.3d 128, 136-37 (3d

Cir. 2014) (citing Marks v. Bell Tel. Co., 331 A.2d 424, 430 (Pa. 1975)). "Pennsylvania has adopted the definition of false light invasion of privacy from the Restatement (Second) of Torts, which imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity.'" Id. (quoting Larsen v. Phila. Newspapers, Inc., 543 A.2d 1181, 1188 (Pa. 1988) (en banc) (citing Restatement (Second) of Torts § 652E). Under Pennsylvania law, one is subject to liability for the tort of false light if: "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Lin v. Rohm and Haas Co., 293 F. Supp. 2d 505, 521–22 (E.D. Pa. 2003) (citing Curran v. Children's Serv. Ctr., 578 A.2d 8, 12 (Pa. Super. Ct. 1990) (quoting Restatement (Second) of Torts § 652E)). False light is not limited to the disclosure of private facts as courts applying Pennsylvania law have found "[i]t is enough [for the plaintiff] that the defendant has given publicity to any matter concerning the plaintiff that creates a 'highly offensive' false impression about the plaintiff." Fogel v. Forbes, Inc., 500 F. Supp. 1081, 1087–88 (E.D. Pa. 1980).

As explained above in Section C, Counter-Defendant, through the Requests for Admissions being deemed admitted, has admitted that he knowingly made false statements about Counter-Plaintiff. Even though Counter-Defendant knowingly made these false statements, summary judgment for the False Light Counter-Claim is inappropriate at this time. The issue of whether a statement would be highly offensive to a reasonable person is a question of fact. See Harris by Harris v. Easton Publ'g Co., 483 A.2d 1377, 1387 (Pa. Super. Ct. 1984) (determination of whether an issue is highly offensive is a question of fact precluding summary judgment); Martin v. Mun. Publ'ns, 510 F. Supp. 255, 259 (E.D. Pa. 1981) (denying summary judgment and

finding under Pennsylvania law that "the question of whether a message would be highly offensive to a reasonable person is a matter for the jury"). Counter-Plaintiff completely fails to address this element of his False Light Counter-Claim. Counter-Plaintiff neither sets forth any facts indicating that these statements should be considered highly offensive to a reasonable person, nor does he even simply state this element of his claim has been met. Thus, a genuine issue of material fact exists with respect to the issue of whether a reasonable person would find the statements and/or the implications of the statements to be highly offensive; therefore, summary judgment is denied.

### F. Trade Libel – Commercial Disparagement

In Count IV, Counter-Plaintiff alleges Trade Libel and Commercial Disparagement. In Pennsylvania, a claim for trade libel, also called "commercial disparagement," requires proof that: 1) the statement is false; 2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; 3) pecuniary loss does in fact result; and 4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity." McNulty v. Citadel Broad. Co., 58 F. App'x 556, 566-67 (3d Cir. 2003) (citing Neurotron Inc. v. Med. Serv. Assoc. of Pa., Inc., 254 F.3d 444 (3d Cir. 2001)). The main difference between an action for defamation and an action for trade libel is its consequence. Defamation results in damage to one's interest in character and reputation while trade libel negatively affects a person's business or marketability. Zerpol Corp. v. DMP Corp., 561 F. Supp. 404, 408 (E.D. Pa. 1983).

Summary judgment is inappropriate on this Counter-Claim because Counter-Plaintiff has not sufficiently pleaded any pecuniary loss arising from the pertinent statements deemed admitted by Counter-Defendant. McNulty., 58 F. App'x at 567. Counter-Plaintiff simply makes

a general statement that he "has suffered huge personal and business losses" due to Counter-Defendant's conduct. (Mot. for Summ. J. at 23-2, p. 26.)  This is conclusory and does not meet the standards required under Pennsylvania law.  See <u>Testing Sys., Inc. v. Magnaflux Corp.</u>, 251 F. Supp. 286, 290 (E.D. Pa. 1966) (holding that Pennsylvania courts require a plaintiff claiming commercial disparagement to plead damages with considerable specificity); <u>Zerpol.</u>, 561 F.Supp. at 409 (holding that the plaintiff "must in his complaint set out the names of his lost customers and show by figures how much he has lost financially").  Therefore, we deny Counter-Plaintiff's request for summary judgment pertaining to his Trade Libel Counter-Claim.

## IV. <u>CONCLUSION</u>

For the above mentioned reasons, we conclude that Counter-Plaintiff's Motion for Summary Judgment is granted in part and denied in part.  The Motion is granted with respect to the claims of Assault and Battery and Defamation.  The Motion is denied with respect to the claims of Intentional Infliction of Emotional Distress, Conspiracy, False Light, and Trade Libel.

An appropriate Order follows.