IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALKESH PATEL, | : | CIVIL ACTION |
| Plaintiff Counter-Defendant, | : : : | |
| v. | : | No. 14-2949 |
| PRATIK PATEL, | : : | |
| Defendant Counter-Plaintiff. | : : : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                              **APRIL 29, 2016**

Presently before this Court is the "Motion to Freeze Defendant's Assets" filed by Counterclaim Plaintiff, Pratik Patel ("Pratik" or "Plaintiff"), the Response in Opposition filed by Counterclaim Defendant, Alkesh Patel ("Alkesh" or "Defendant"), Plaintiff's Reply to Defendant's Opposition, and Defendant's Surreply. For the reasons set forth below, Plaintiff's Motion is denied.

**I.      BACKGROUND**

Defendant initially filed a Complaint for Assault and Battery against Plaintiff regarding a physical altercation that took place at the Asian American Hotel Owners Association's Annual Convention and Trade Show held at the Philadelphia Convention Center on March 22, 2014.[1] (See Compl.) On June 2, 2014, Plaintiff filed an Amended Answer to Defendant's Complaint with New Matter and Counterclaims alleging Assault and Battery, Intentional Infliction of

---

[1] On May 23, 2014, the case was removed from the Court of Common Pleas, Philadelphia County, pursuant to 28 U.S.C. § 1332 based upon diversity jurisdiction. See 28 U.S.C. § 1332. On May 26, 2015, Plaintiff filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b). (Doc. No. 18.) On July 7, 2015, we granted the Motion dismissing Defendant's Complaint with prejudice. (Doc. Nos. 21-22.)

Emotional Distress, Defamation, Trade Libel and Commercial Disparagement, False Light, and Conspiracy. (Doc. No. 3.)

On November 4, 2015, we granted Plaintiff's Motion for Summary Judgment as it pertained to his Counterclaims for Assault and Battery and Defamation. (Doc. No. 25.) A three-day damages jury trial on Plaintiff's remaining counterclaims began on February 8, 2016, and ended on February 10, 2016. On February 10, 2016, judgment was entered in favor of Plaintiff in the amount of $1,322,500.00. (Doc. No. 48.) Defendant filed a Renewed Motion for Judgment as a Matter of Law and a Motion in the Alternative for a New Trial ("Post-Trial Motion") on March 9, 2016.

Presently before this Court, is Plaintiff's Motion to Freeze Defendant's Assets. (See Pl.'s Mot. to Freeze Assets.) Plaintiff alleges that Defendant "has fraudulently started transferring his assets in order to evade satisfaction of the judgment." (Id. at 4.) Specifically, Plaintiff alleges that Defendant owns two properties and recently transferred one of them to his son. (Id.) Plaintiff then goes on to make another allegation in his reply brief that Defendant is also disposing of all his bank accounts and brokerage accounts. [2] (Pl.'s Reply to Def.'s Resp. at 2.) Defendant argues that Plaintiff has not alleged any irreparable harm as there has been no evidence presented that Defendant is clearing his bank accounts, and the sale of his property to

---

[2] We reject Plaintiff's contention that his Motion should be treated as uncontested since Defendant failed to reply within fourteen days. (Pl.'s Reply to Def.'s Resp. at 2.) Federal Rule of Civil Procedure 6(d) adds 3 days to the time available to respond to a motion if the motion was served under Rules 5(b)(2)(C), (D), (E), or (F). Plaintiff filed his Motion via email to Defendant and by using the Electronic Filing System on March 24, 2016. (Doc. No. 63.) Thus, Plaintiff's Motion was filed via Federal Rule of Civil Procedure 5(b)(2)(E). Therefore, Defendant had 17 days to respond, which would have been April 9, 2016. However, this date was a Saturday, so Plaintiff had until the following Monday, April 11, 2016, to file a response. Fed. R. Civ. P. 6(a)(1)(C). Defendant's Response was timely filed on April 8, 2016. (Doc. No. 64.)

his son was for fair market value and took place seven months before the trial in July of 2015.[3] (Def.'s Surreply at 2-3.)

## II. LEGAL STANDARD

The standard for evaluating a motion for a preliminary injunction involves a four-part inquiry: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest.  See United States v. Bell, 414 F.3d 474, 478 n.4 (3d Cir. 2005); Pappan Enter., Inc. v. Hardee's Food Sys., Inc., 143 F.3d 800, 803 (3d Cir. 1998). The movant bears the burden of establishing every element in its favor.  P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"  Ferring Pharm., Inc. v. Watson Pharm., Inc., 765 F.3d 205, 210 (3d Cir. 2014) (quoting Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation marks omitted)).  A "preliminary injunction must be the only way of protecting the plaintiff from harm."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).

The United States Court of Appeals for the Third Circuit ("Third Circuit") has recognized that in certain situations a district court has the equitable power to protect a future damages remedy.  Elliott v. Kiesewetter, 98 F.3d 47, 57 (3d Cir. 1996) (citing Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197 (3d Cir. 1990)).  This is a limited power as the court in Hoxworth explained:

---

[3] We reject Defendant initial argument that the injunction cannot be granted while his Post-Trial Motion is pending. (Def.'s Resp. to Pl.'s Mot. to Freeze Assets at 4.)  We have not been presented with, nor could we locate, any case-law that came to such a conclusion.

> Of course, just because a district court enjoys the power to protect a potential future damages remedy with a preliminary injunction does not mean that such an injunction is appropriate in a run-of-the-mill damages action. The traditional requirements for obtaining equitable relief must be met. These include, in this context, a showing that plaintiffs are likely to become entitled to the encumbered funds upon final judgment and a showing that without the preliminary injunction, plaintiffs will probably be unable to recover those funds.

Id. The second Hoxworth requirement is essentially an irreparable harm inquiry. Kiesewetter, 98 F.3d at 57. The Third Circuit further held that "a party seeking an asset freeze to preserve a money judgment may show irreparable injury by showing that the freeze is necessary to prevent the consumption, dissipation or fraudulent conveyance of the assets that the party pursuing the asset freeze seeks to recover in the underlying litigation." Kiesewetter, 98 F.3d at 58.

### III. DISCUSSION

We find that Plaintiff has not adequately alleged he would suffer irreparable harm if we failed to issue a preliminary injunction freezing Defendant's assets. Plaintiff's contention that Defendant is attempting to evade the satisfaction of its judgment rests on two allegations: (1) Defendant sold his Washington property, valued at $258,320.00 for tax purposes, to his son for a sale price of $307,000 and (2) Defendant has disposed of all his bank accounts and brokerage accounts. (Pl.'s Mot. to Freeze Assets at 4-5; Pl.'s Reply to Def.'s Resp. at 2.) On their face these allegations may seem like Plaintiff's claim has merit; however, there is scant proof that Defendant is partaking in any actions in an attempt to avoid the judgment entered against him.

The sale of the house is no indication that Defendant is attempting to evade judgment against him. Plaintiff contends that Defendant "conveniently" sold the property to his twenty year-old son and "conveniently" still lives in the property. (Pl.'s Reply to Def.'s Resp. at 1-2.) Ultimately these factors are irrelevant as he sold the house for fair market value, and,

importantly, the sale took place seven months before trial. The fact that he received fair market value for the property is crucial as Defendant may not be able to satisfy his judgment with the house specifically, but he now has the sale proceeds from the house to do so.

Plaintiff's argument regarding Defendant clearing his bank and brokerage accounts is even less compelling. Plaintiff alleges that Defendant has "also disposed of all his bank accounts and brokerage accounts." (Pl.'s Reply to Def.'s Resp. at 2.) Plaintiff's only support for this argument is an unverifiable document from an entity that conducted a search and found that Defendant has a brokerage account with E-Trade Investments with a market value of $3,250 as of November 18, 2015. (Id. Ex.1.) This document does not show any clearing of assets, whatsoever, such as transfers or withdrawals; rather, it just indicates that Defendant owns a brokerage account with a market value of $3,250.

Ultimately, Plaintiff makes no showing of the requirement that without the preliminary injunction, he will be unable to recover his funds. Hoxworth, 903 F.2d at 197. In Plaintiff's own Motion, he indicates that Defendant has a property in Oregon valued for tax purposes at $1,954,560.00. (Pl.'s Mot. to Freeze Assets at 5.) This property alone is sufficient to cover the judgment. See Chicago Title Ins. Co. v. Lexington & Concord Search and Abstract, LLC, 513 F. Supp. 2d 304, 320 (E.D. Pa. 2007) (finding irreparable harm less likely when the defendant's alleged conveyance of assets only represented a small portion of his net assets). Plaintiff makes no allegations that Defendant has been in the process of disposing of his Oregon property. If Defendant was truly clearing his assets in an attempt to evade judgment, he likely would have done something with his property valued at nearly two million dollars.

Also, Defendant received fair market value for the sale of his Washington property, so although the house is no longer his, the proceeds from the sale of the house could be used to

satisfy the judgment. Plaintiff has shown nothing more than a brokerage statement and a seemingly coincidental sale of one of Defendant's properties seven months before the trial. See Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (insisting "that the risk of irreparable harm must not be speculative"). We do not believe this conduct rises to the level of consuming, dissipating, or fraudulently conveying assets. See Kiesewetter, 98 F.3d at 58. Plaintiff has presented no evidence that Defendant's actions were performed in an attempt to avoid judgment. See Chicago Title, 513 F. Supp. 2d at 320 (finding "the plaintiff has submitted no evidence that [defendant] liquidated this account in order to avoid liability to the plaintiff or to otherwise make funds unavailable to satisfy a judgment rendered on behalf of the plaintiff "). Therefore, Plaintiff has failed to establish he would suffer irreparable harm if a preliminary injunction was not granted.

      The other factors required for a preliminary injunction also weigh against granting Plaintiff's Motion. Defendant has simply sold one of his properties to his son and has shown no indications that he is attempting to evade the judgment against him. Therefore, if this Motion was granted, it would result in even greater harm to Defendant as he would be prohibited from utilizing his assets in his bank and brokerage accounts or selling his property when Plaintiff has failed to adequately allege that he partook in any evasive conduct. We also find that an imposition of injunction under the facts of this case would adversely affect public interest as Plaintiff has done nothing more than state his unfounded fear. Therefore, we will not grant the extraordinary remedy of a preliminary injunction. See Ferring, 765 F.3d at 210 (citations omitted) (holding that preliminary injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances).

## IV.     CONCLUSION

For the above mentioned reasons, we conclude that Plaintiff's Motion to Freeze Defendant's Assets is denied.

An appropriate Order follows.